UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred W. LaSure, *also known as Alfred William LaSure*,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Holly Scaturo; Kimberly Poholchuk, *B.M.C. Program Director*; Cynthia Helff, *B.M.C.*, Dr. Kelly Gothard; Dr. Gordon Brown, *Psychologist*; Dr. Rozanna Trass, *Psychologist*; Dr. Amy Swan, *Psychologist*; Marie Gehle, *Evaluator*; Dr. Donna Schwartz-Watts, *Psychologist*; Capt. Frank Abney, *P.S.O. Supervisor*; Galen Sanders, *Chief Nursing Administrator*; Harold Alexander, *R.N.*; Charlene Hickman, *R.N.*; Dr. John McGill, *Director of Department of Mental Health*; Allen Wilson, *Attorney General*,<br><br>　　　　　　　　Defendants. | C/A No. 9:16-2317-RBH-BM<br><br>**REPORT AND RECOMMENDATION** |

　　　　This is a civil action filed by the pro se Plaintiff, Alfred William LaSure. Plaintiff is confined at the South Carolina Department of Mental Health as part of the Sexually Violent Predator (SVP) Treatment Program pursuant to the South Carolina SVP Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. He brings this action pursuant to 42 U.S.C. § 1983.[1]



---

[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).

The Complaint is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319.

Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.



2

## Discussion

In response to the question on the Complaint form as to what federal or statutory rights Plaintiff claims are being violated by state officials, Plaintiff states:

> Behaviorial Management Committee.[2] Being placed on T.R.R. "(Therapeutic Room Restriction)" for week[]s on end with 30 min[]s out a[.]m. shift [and] 30 [minutes] out p.m. shift.

Complaint, ECF No. 1 at 4. Plaintiff complains that the civil commitment laws allow "indefinite commitment", which is equivalent to life incarceration. Id. In the "Statement of Claim" portion of his Complaint, Plaintiff contends that psychiatrist Dr. Swan based her opinion (which appears to be that Plaintiff should be kept or held longer) on information from an alleged untrained case worker and from Dr. Swan talking to Plaintiff for only one hour. ECF No. 1 at 5. He claims that the events giving rise to his claim occurred in August in the "group room." Plaintiff further asserts that:

> Dr. Swan acted on her own to figure out her next move. She has been charge[d] with falsifying record[]s if Prison Legal New[]s is right these charge[s] are out of Florida.

ECF No. 1 at 5-6. Plaintiff states that his injury is that he was committed while others with similar offenses and similar records were not committed, and there is no rational basis for the disparity. ECF No. 1 at 6.

---

[2]Plaintiff has not named the "Behavioral Management Committee" as a defendant, but even if he had, such a group, if the individuals are not identified, is subject to dismissal as a party defendant because groups of people are not amenable to suit under § 1983. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001)[finding that the medical department of a prison is not a person pursuant to § 1983]; Dalton v. South Carolina Dep't of Corr., C/A No. 8:09–260–CMC–BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009)[dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons]; Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D.Va. June 25, 2008)[ "Plaintiff's allegations that unspecified prison personnel violated his rights does not adequately state a § 1983 claim."].



3

Initially, this action is subject to summary dismissal because Plaintiff fails to request any relief. In the "Relief" section of his Complaint, Plaintiff simply writes "[a]fter this past 10 year[]s of punitive, and being held without hope of seeing family." ECF No. 1 at 6. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion which is barred by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); see also Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) [federal courts do not render advisory opinions].

Additionally, to the extent that the Complaint can be interpreted as a request by Plaintiff to be released or as a challenge to his civil commitment, Heck v. Humphrey, 512 U.S. 477 (1994)[3] bars the aspects of Plaintiff's claims that are predicated on his assertion that his civil detention is improper. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ["a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement'"](citing Preiser v. Rodriguez, 411 U.S. 475, (1973)). Although Heck only expressly addressed challenges to criminal convictions and sentences, its standards have also been held to be applicable to claims challenging civil detention. See Huff v. Attorney General of Va., No. 3:07cv744, 2008 WL 4065544 (E.D.Va. Aug. 26, 2008)[rejecting a § 1983 challenge to an involuntary civil commitment because the involuntary commitment had not been invalidated as required by Heck]; Wood v. Wood El, No. Civ.A. 05-1447 RBK, 2005 WL 1899335, at *4 (D.N.J. Aug. 5, 2005)[rejecting a § 1983 challenge to an involuntary civil commitment because the involuntary commitment had not been invalidated

---

[3]In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck v. Humphrey, 512 U.S. at 487.



4

as required by Heck]. Plaintiff has not alleged that his underlying civil detention has been overturned or declared invalid. See also Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975) ["There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution"].

Even if the Court were to find that the Complaint is not subject to summary dismissal for failure to request relief or pursuant to Heck, this action is still subject to summary dismissal, as the Complaint on its face does not state a plausible, non-frivolous § 1983 claim because it fails to include sufficiently clear factual allegations against the Defendants (with the exception of Defendant Dr. Swan, as discussed further below) of any personal responsibility or personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights. In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302, at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Here, Plaintiff fails to allege facts from which the Court can construe a cognizable claim that Defendants Scaturo, Poholchuk, Helff, Gothard, Brown, Trass, Gehle, Schwartz-Watts, Abney, Sanders, Alexander, Hickman, McGill, or Wilson committed any specific violation of a constitutionally protected right. Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement [s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against



5

each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"].

Plaintiff also cannot maintain a § 1983 claim based on supervisory liability against these Defendants, as the doctrine of respondeat superior is not applicable to § 1983 claims. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for failure to state a claim against these Defendants, as the Slakan exception requires factual allegations showing a "pervasive and unreasonable risk of harm from some specified source ..." coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373; see Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994). As there are no factual allegations of any individual wrongdoing or potential supervisory liability on the part of these named Defendants, Plaintiff's Complaint fails to state a claim on which relief can be granted against them. See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996)[statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless]; Weller v. Dep't of Soc. Servs., 901 F.2d at 399 [dismissal proper where there were no allegations against defendants].

As for the Defendant Dr. Swan, Plaintiff's claim fails to allege sufficient facts to state a constitutional or other federal claim against her as well, as his allegations are so generally



6

incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish," that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face]. Plaintiff merely claims that Dr. Swan allegedly based her opinion (which appears to be an opinion that Plaintiff should remain in the SVP program) on her discussions with him for about an hour, and on the opinion of another unnamed person who Plaintiff alleges is "untrained". This general and conclusory allegation is insufficient to state a viable claim. Twombly, 550 U.S. at 557 ["naked assertions" of wrongdoing necessitate some "factual enhancement" to survive summary dismissal]. Further, as noted above, to the extent Plaintiff's goal in this lawsuit is to obtain release from his SVP status, Plaintiff cannot obtain release in a § 1983 action. Plaintiff's other allegation against Dr. Swan is that she was allegedly charged in Florida with falsifying records. Even if this is true, however, there is no indication that such allegations involve the Plaintiff.

## Recommendation

Based on the foregoing, it is recommended that Plaintiff's Complaint be **dismissed** without prejudice and without issuance and service of process.



7

Plaintiff's attention is directed to the important notice on the next page.

September **15**, 2016  
Charleston, South Carolina

_____  
Bristow Marchant  
United States Magistrate Judge

8



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

