UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Alfred W. LaSure, a/k/a Alfred William LaSure, ) | Civil Action No.: 9:16-cv-02317-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Holly Scaturo; Kimberly Poholchuk, *B.M.C.* ) | |
| *Program Director*; Cynthia Helff, *B.M.C.*; Dr. Kelly ) | |
| Gothard; Dr. Gordon Brown, *Psychologist*; Dr. ) | |
| Rozanna Trass, *Psychologist*; Dr. Amy Swan, ) | |
| *Psychologist*; Marie Gehle, *Evaluator*; Dr. Donna ) | |
| Schwartz-Watts, *Psychologist*; Capt. Frank Abney, ) | |
| *P.S.O. Supervisor*; Galen Sanders, *Chief Nursing* ) | |
| *Administrator*; Harold Alexander, *R.N.*; Charlene ) | |
| Hickman, *R.N.*; Dr. John McGill, *Director of* ) | |
| *Department of Mental Health*; and Allen Wilson, ) | |
| *Attorney General*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Alfred William LaSure, a state civilly committed person proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 15. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. R & R at 7. Plaintiff has filed timely objections to the R & R. *See*

---

[1]    The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

Pl.'s Objs., ECF No. 17.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### Discussion[2]

Plaintiff is a civilly committed person in the South Carolina Department of Mental Health pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through -170. Plaintiff has filed a complaint against fifteen defendants, purporting to sue them under 42 U.S.C.

---

[2] The R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

§ 1983. *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint for the following reasons: (1) Plaintiff fails to request any relief in his complaint; (2) to the extent Plaintiff has requested to be released or has challenged his civil commitment, the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars such claims; (3) the complaint fails to state a plausible, nonfrivolous § 1983 claim; (4) Plaintiff cannot maintain a § 1983 claim based on supervisory liability; and (5) Plaintiff fails to allege sufficient facts to state a constitutional or other federal claim against Defendant Swan. R & R at 4-7.

Plaintiff lodges two main objections to the R & R.[3] First, he claims Defendant "Swan is nothing more than a hired gun" for the Sexually Violent Predator Treatment Program administered by the South Carolina Department of Mental Health. Pl.'s Objs. at 1. Plaintiff further asserts such "indefinite long term care and treatment . . . is essentially . . . equivalent to [a] criminal's life sentence and treatment is . . . punitive action as seen with the 33 pages within Case No # 9:15-cv-1357-RBH-BM." *Id.* Based on this statement, Plaintiff appears to be referring to a complaint (which had thirty-three pages of attached exhibits) in another case that he previously filed in this Court. *See LaSure v. SC Mental Health*

---

[3] In footnote two of the R & R, the Magistrate Judge noted that "Plaintiff has not named the 'Behavioral Management Committee' as a defendant, but even if he had, such a group, if the individuals are not identified, is subject to dismissal as a party defendant because groups of people are not amenable to suit under § 1983." R & R at 3 n.2. In reaching this conclusion, the Magistrate Judge cited *Harden v. Green*, 27 F. App'x 173 (4th Cir. 2001), wherein the Fourth Circuit held that "[t]he medical department of a prison may not be sued, because it is not a person within the meaning of § 1983." 27 F. App'x at 178 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989), which addressed Eleventh Amendment immunity and held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Plaintiff appears to address footnote two of the R & R in his objections, remarking that "to bring the confusion down," he is referring "to the individuals that make up the" Behavioral Management Committee. Pl.'s Objs. at 1. Additionally, Plaintiff cites two cases—*Hafer v. Melo*, 502 U.S. 21 (1991), and *Doe v. Lawrence Livermore National Laboratory*, 131 F.3d 836 (9th Cir. 1997)—that address Eleventh Amendment immunity as it pertains to state officers sued in their official capacity versus their individual capacity. Pl.'s Objs. at 2. As explained below, Plaintiff's claims against the named Defendants fail for reasons other than Eleventh Amendment immunity.

*et al.*, No. 9:15-cv-01357-RBH (D.S.C.).[4]  In that case, Plaintiff presented a similar argument challenging the constitutionality of the Sexually Violent Predator Act ("SVPA") and its allegedly punitive nature, which the Court rejected as follows:

> [C]ourts have consistently upheld the constitutionality of the SVPA and determined it is a non-punitive form of civil commitment.  *See, e.g.*, *Seling v. Young*, 531 U.S. 250 (2001); *Kansas v. Hendricks*, 521 U.S. 346 (1997); *In re Matthews*, 345 S.C. 638, 648-51, 550 S.E.2d 311, 315-17 (2001) (citing the United States Supreme Court's decision in *Hendricks* as "controlling" and concluding the SVPA is civil rather than criminal and that confinement under the SVPA is non-punitive), *cert. denied*, 535 U.S. 1062 (2002); *In re Allen*, 351 S.C. 153, 568 S.E.2d 354 (2002); *In re Treatment & Care of Luckabaugh*, 351 S.C. 122, 568 S.E.2d 338 (2002).  *See also Michau v. Charleston Cty.*, 434 F.3d 725, 727 (4th Cir. 2006) ("Michau is presently being detained under the SVPA, which creates a system of civil, not criminal, detention." (emphasis added)).

No. 9:15-cv-01357-RBH, at ECF No. 95 p. 13.  For the same reason, the Court rejects Plaintiff's argument and overrules his objection.

Second, Plaintiff addresses the Magistrate Judge's initial finding that Plaintiff has failed to request any relief in his complaint.  *See* R & R at 4.  Plaintiff states, "Relief Plaintiff would seek is declaratory as well [as] injunctive relief over the mental stress, mental anguish, lack of therapeutic treatment, and a monitory [*sic*] sum in the order of $2,735,000.00 from each defendant."  Pl.'s Objs. at 2.  Plaintiff further states he "wish[es] to request more time as to make his amended pleading."  *Id*.  Plaintiff has ***not***, however, challenged the Magistrate Judge's recommendations regarding the additional, *independent* reasons why his complaint must be dismissed.  *See Diamond*, 416 F.3d at 315 (stating that absent specific objections, a district court need only review the magistrate judge's R & R

---

[4]    The Court granted summary judgment for all defendants and dismissed the case with prejudice.  *See* No. 9:15-cv-01357-RBH, at ECF No. 95.

for clear error).  As the Magistrate Judge reported, (a) *Heck* bars Plaintiff's challenge to his civil commitment; (b) Plaintiff's complaint fails to state a plausible, nonfrivolous § 1983 claim; and (c) Plaintiff cannot maintain a § 1983 claim based on supervisory liability.  The Court finds these three reasons are independent grounds for summary dismissal of Plaintiff's complaint.[5]

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R & R, and Plaintiff's objections.  *See* ECF Nos. 1, 15, & 17.  For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections, adopts and incorporates the R & R [ECF No. 15] by reference, and **DISMISSES** this action *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**


Florence, South Carolina                                                       s/ R. Bryan Harwell
December 19, 2016                                                              R. Bryan Harwell
                                                                               United States District Judge

---

[5]     Thus, to the extent Plaintiff seeks leave to amend his complaint to specify his requested relief, such amendment would be futile.  *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) ("[A] request to amend should only be denied if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or ***amendment would be futile***." (internal quotation marks omitted) (emphasis added)).